# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| T.B. ALLEN AND ASSOCIATES, INC., | Civil No. 11-3479 (JRT/JSM) |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER GRANTING PARTIAL MOTION TO DISMISS** |
| v. | |
| EURO-PRO OPERATING LLC, | |
| Defendant. | |

Ronald R. Kirchoff, **KIRCHOFF LAW FIRM**, 325 Cedar Street, Suite 300, St. Paul, MN 55101, for plaintiff.

Christine Kim, Kevin M. Decker, and Paul J. Hemming, **BRIGGS & MORGAN, PA**, 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402, for defendant.

Plaintiff T.B. Allen and Associates, Inc. ("T.B. Allen") brought this action against Defendant Euro-Pro Operating LLC ("Euro-Pro"), alleging that Euro-Pro did not pay it commissions that it earned. T.B. Allen's claims include breach of contract and the implied covenant of good faith and fair dealing, promissory estoppel, unjust enrichment, and violations of Minnesota Statute § 181.145. Euro-Pro moves to dismiss all of T.B. Allen's claims, except its § 181.145 claim. Because T.B. Allen has failed to plead these claims with specificity, the Court will dismiss them without prejudice.

## BACKGROUND

T.B. Allen asserts that it had an "oral sales representative agreement . . . of indefinite duration with [Euro-Pro] to act as [Euro-Pro's] exclusive sales representative for Target Corporation, Kohl's, Best Buy and certain other accounts." (Compl. ¶ 5.)[1] The alleged agreement was effective from at least November 1, 2005 through October 31, 2011. (*Id.* ¶ 6.) During this time, T.B. Allen "solicited wholesale orders on behalf of [Euro-Pro] and was to be compensated on commission on the sales of [Euro-Pro's] products to [T.B. Allen's] accounts by [Euro-Pro]." (*Id.* ¶ 6.) T.B. Allen contends that Euro-Pro has failed to pay all of the agreed-upon commissions but does not specify the amount of compensation due under the terms of the agreement.

According to T.B. Allen, Euro-Pro notified it around November 2008 that it would withhold any and all commissions earned by T.B. Allen in excess of $800,000 during T.B. Allen's fiscal year 2009. (*Id.* ¶ 7.) Euro-Pro also notified T.B. Allen of its decision to "reduce certain of [T.B. Allen's] commission percentages in effect at that time but thereafter to be based on gross sales." (*Id.* ¶ 7.) T.B. Allen alleges that these "deductions" or "hold backs" by Euro-Pro were "wrongful." (Def.'s Mem. in Opp'n of Mot. to Dismiss, at 4, Dec. 20, 2011, Docket No. 7.) T.B. Allen attached a chart to its complaint, detailing "such actions taken by" Euro-Pro. (Compl. ¶ 7.) This chart, not all of which is legible, is dated November 1, 2008 and appears to show T.B. Allen's commission percentages and commissions associated with sales to various companies. (Compl., Ex. A.) The chart shows some variation among the commission percentages for

---

[1] It is unclear what Euro-Pro products T.B. Allen allegedly contracted to sell.

fiscal years 2008 and 2009 and displays reductions in the commission percentages for the fiscal year 2010. A notation at the bottom of the chart states that T.B. Allen's commissions were capped at $800,000 for fiscal year 2009. (*Id.*)

## ANALYSIS

### I. STANDARD OF REVIEW

Reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true and construes the pleadings in a light most favorable to the non-moving party. *See, e.g.*, *Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). To survive a motion to dismiss, however, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, to avoid dismissal, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility," and therefore must be dismissed. *Id.* (internal quotation marks omitted). At the motion to dismiss stage, the record for review before the Court is generally limited to the pleadings, some matters that are part of the public record, and any documents attached as exhibits that are necessarily embraced

by the complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

## II.   BREACH OF CONTRACT

T.B. Allen first asserts that Euro-Pro has committed a breach of contract by failing to pay commissions due and owing to T.B. Allen. To establish a breach of contract claim under Minnesota law, the plaintiff must prove that (1) an agreement was formed, (2) the plaintiff performed any conditions precedent, and (3) the defendant breached the agreement. *Nicollet Cattle Co. v. United Food Group, LLC*, No. 08–5899, 2010 WL 3546784, at * 7 (D. Minn. Sept. 7, 2010) (citing *Commercial Assocs., Inc. v. Work Connection, Inc.*, 712 N.W.2d 772, 782 (Minn. Ct. App. 2006)).

There are two problems with T.B. Allen's breach of contract claim. First, the claim is based on Euro-Pro's failure to pay commissions, but T.B. Allen has not pled the terms of a contract entitling it to higher commissions.[2] *See Debnam v. FedEx Home Delivery*, No. 10-11025, 2011 WL 1188437, at *1 (D. Mass. March 31, 2011) (dismissing breach of contract claim where plaintiff did not sufficiently specify contractual obligations). Second, T.B. Allen has not pled facts to demonstrate why, pursuant to its "indefinite" contract with EuroPro, the amount of commission was not subject to change. *See Minn. Deli Provisions, Inc. v. Boar's Head Provisions Co., Inc.*, 606 F.3d 544, 549 (8th Cir. 2010) ("[In Minnesota,] [t]he general rule is that a contract having no definite

---

[2] The chart attached to T.B. Allen's complaint does not provide this information because it does not elucidate the terms of the alleged contract and because the complaint refers to the chart vaguely as "detailing such actions taken by Defendant." (*See* Compl. ¶ 7 & Ex. A.)

duration, expressed or which may be implied, is terminable at will upon reasonable notice to the other.") (quoting *Benson Co-op Creamery Ass'n v. First Dist. Ass'n*, 151 N.W.2d 422, 426 (Minn. 1967)).  Without more information, there is insufficient factual content to draw a reasonable inference that Euro-Pro is liable for failing to pay T.B. Allen commissions.[3]  *See Iqbal*, 129 S. Ct. at 1949.  Accordingly, the Court will dismiss the breach of contract claim and find that T.B. Allen has failed to state a breach of contract claim that is plausible on its face.

## III.   PROMISSORY ESTOPPEL

T.B. Allen next asserts that Euro-Pro is liable under a theory of promissory estoppel.  Promissory estoppel requires three elements: (1) a clear and definite promise; (2) the promisor intended to induce reliance, and such reliance occurred; and (3) the promise must be enforced to prevent injustice.  *Olson v. Synergistic Techs. Bus. Sys., Inc.*, 628 N.W.2d 142, 152 (Minn. 2001).  Although a promise must be clear and definite, a party need not always specify each precise term of a promise in order to state a claim.  *Newberg v. Schweiss*, No. 08-4681, 2009 WL 3202380, at *3 (D. Minn. Sept. 30, 2009).  Normally, promissory estoppel and breach of contract claims can only be asserted in the alternative.  *See* Fed. R. Civ. P. 8(a)(3); *Deli v. Univ. of Minn.*, 578 N.W.2d 779, 781

---

[3] T.B. Allen also asserts that Euro-Pro breached the implied covenant of good faith and fair dealing through breaching the contract.  Because T.B. Allen has not stated a breach of contract claim, the Court finds that it has also failed to state a violation of the implied covenant of good faith and fair dealing.  In addition, T.B. Allen has not pled facts demonstrating that the covenant applied to its relationship with Euro-Pro.  *See Bratton v. Menard, Inc.*, 438 N.W.2d 116, 118-19 (Minn. Ct. App. 1989) (holding that, absent a contrary agreement, there is no implied covenant of good faith and fair dealing in employment contracts).

(Minn. Ct. App. 1981) ("Promissory estoppel implies a contract in law where no contract exists in fact."); *Banbury v. Omnitrition Int'l Inc.*, 533 N.W.2d 876, 881 (Minn. Ct. App. 1995) ("[T]he doctrine of promissory estoppel only applies where no contract exists."). Promissory estoppel can also, at times, apply to promises associated with at-will employment contracts, where neither party was committed to performance due to the contract's bilateral power of termination. *Krutchen v. Zayo Bandwidth Ne., LLC*, 591 F. Supp. 2d 1002, 1017-18 (D. Minn. 2008).

The Court finds that T.B. Allen has failed to assert a claim of promissory estoppel for two reasons. First, T.B. Allen has failed to identify a "clear and definite promise" entitling it to commissions. *See Olson*, 628 N.W.2d at 152. Accordingly, there are insufficient facts to support Euro-Pro's failure to pay promised commissions. Second, as pled, T.B. Allen's promissory estoppel claim relies on its breach of contract claim. *See Krutchen*, 591 F.Supp.2d at 1018 (dismissing a promissory estoppel claim because it was duplicative of a breach of contract claim). Specifically, T.B. Allen pled that Euro-Pro "promised [T.B. Allen] that it would honor the terms of their Agreement." (Compl. ¶ 14.). Because T.B. Allen's theory of promissory estoppel is insufficiently specific and is duplicative of its breach of contract claim, the Court will dismiss the promissory estoppel claim.

## IV.   UNJUST ENRICHMENT

T.B. Allen next asserts a claim against Euro-Pro for unjust enrichment. To establish this claim under Minnesota law, a plaintiff must demonstrate "that another party

knowingly received something of value to which he was not entitled, and that the circumstances are such that it would be unjust for that person to retain the benefit." *Schumacher v. Schumacher*, 627 N.W.2d 725, 729 (Minn. Ct. App. 2001). "[T]o ensure that unjust enrichment is not used to reward a bad bargain, Minnesota courts require proof that 'a benefit was conferred unknowingly or unwillingly.'" *Holmes v. Torguson*, 41 F.3d 1251, 1256 (8th Cir. 1994) (quoting *Galante v. Oz, Inc.*, 379 N.W.2d 723, 726 (Minn. Ct. App. 1986)). Further, the benefit must be obtained unjustly – illegally or unlawfully – or in situations in which it would be "morally wrong" for one party to be enriched at the expense of another. *Midwest Sports Mktg., Inc. v. Hillerich & Bradsby of Can., Ltd.*, 552 N.W.2d 254, 268 (Minn. Ct. App. 1996).

The Court will dismiss T.B. Allen's unjust enrichment claim for the same reasons as the promissory estoppel claim. First, T.B. Allen has pled insufficient facts to prove that Euro-Pro was unjustly enriched by failing to compensate T.B. Allen. Second, T.B. Allen has not pled unjust enrichment in the alternative, but has based its claim on violations of a contract. (*See* Compl. ¶ 21); *Taylor Inv. Corp. v. Weil*, 169 F. Supp. 2d 1046, 1060 (D. Minn. 2001) ("The existence of an express contract between parties precludes recovery under theories of quasi-contract, unjust enrichment, or quantum meruit.").

Although T.B. Allen has failed to state facts sufficient to prove breach of contract, promissory estoppel, or unjust enrichment, it is possible that these claims may survive if properly alleged. Accordingly, the Court will grant T.B. Allen thirty days to amend the

Complaint to address the deficiencies in pleading.  T.B. Allen must not amend the Complaint, however, unless it has facts to support its claims.

## ORDER

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's partial motion to dismiss Plaintiff's breach of contract and equitable claims [Docket No. 2] is **GRANTED**.

It is **FURTHER ORDERED** that Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint.

DATED:  June 28, 2012  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge